United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ARNEL FUENTEBELLA,
Plaintiff,
v.
HARLEY-DAVIDSON MOTOR COMPANY, INC.,
Defendant.

Case No. 26-cv-07313-NC

**ORDER TO SHOW CAUSE REGARDING FAILURE TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT**

Re: ECF 1

On July 16, 2026, Defendant removed this case from the Santa Clara County Superior Court based on diversity jurisdiction. ECF 1 at 2. The Complaint alleges Defendant violated the Song-Beverly Consumer Warranty Act by selling Plaintiff a defective 2024 Harley-Davidson motorcycle. *Id.* For the reasons stated below, the Court ORDERS Defendant to show cause why this case should not be remanded back to state court for failure to satisfy the amount in controversy requirement.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F.

App'x 62, 64 (9th Cir. 2011).

Defendant alleges that this Court has diversity jurisdiction. ECF 1 at 2. Defendant must provide sufficient evidence to show by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (stating that when a state-court complaint does not clearly plead the minimum amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold"). Defendant contends the amount in controversy is met because Plaintiff seeks actual damages of $15,813.10, a civil penalty of $31,626.20, plus attorney's fees of $30,000. ECF 1 at 3–6. However, the Court finds $30,000 in attorney's fees for a straightforward Song-Beverly case to be overly inflated and unlikely, and Defendant provides no basis for this conclusory statement. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

Accordingly, the Court orders Defendant to, by August 3, 2026, show cause in writing why this case should not be remanded for failure to satisfy the amount in controversy requirement. Plaintiff may respond by August 17, 2026.

**IT IS SO ORDERED.**

Dated: July 20, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge